Dear Mr. Goren:
On behalf of the North Broward Hospital District, you ask substantially the following question:
May the North Broward Hospital District contract with an equipment vendor pursuant to its procurement procedure and section 287.055, Florida Statutes, whereby the vendor contracts with a licensed general contractor to provide design/build construction services to erect a storage facility for the equipment purchased through the vendor?
In sum:
North Broward Hospital District may not contract with an equipment vendor under a sole source contract pursuant to its procurement procedure, such that the vendor contracts with a licensed general contractor to provide design/build construction services to erect a storage facility to house the equipment, without complying with section 287.055, Florida Statutes, for those services covered by the act.
You state that as a matter of business the North Broward Hospital District (district) procures medical equipment from third-party vendors in accordance with its procurement procedures detailed in its procurement code and Chapter 287, Florida Statutes, when applicable. As some medical equipment is of a specialized or unique nature, it is often available only from a sole provider. The sole provider vendor, when submitting the proposal, often includes the cost of the equipment as well as the estimated cost of designing and building a facility to house the equipment. The vendor is not a licensed contractor pursuant to Chapter 489, Florida Statutes, but will engage a licensed contractor who will be responsible for the design and construction of the new facility.
The district's interest in being able to use one contract for the procurement of medical equipment and the design and construction of the facility in which to house it is that it provides convenience as well as security in knowing that the vendor is confident that the contractor will construct the facility so it is suitable for the storage and operation of the specialized equipment. You also state that the "turn-key" procedure is more economical. While you indicate that the procurement procedures of the district do not provide substantive guidance for "turn-key" projects, there are provisions setting forth considerations which must be followed for contracts for goods, services, and property relating to construction.
Section 287.055, Florida Statutes, the "Consultants' Competitive Negotiation Act," however, governs the procurement of professional services encompassing architecture, professional engineering, landscape architecture, or registered surveying and mapping by agencies.[1] The act applies to hospital districts as political subdivisions of the state.[2]
Generally, an agency must publicly announce each occasion when professional services must be purchased for a project when the cost will exceed a given threshold amount.[3] The agency then evaluates the current statements of qualifications and performance data of firms it has on file, as well as of firms who may be interested in the project, and have discussions with no fewer than three of the firms regarding their qualifications, approach to the project, and their ability to furnish the required services.[4] In order of preference, no fewer than three firms must be selected before the agency begins competitive negotiation with the most qualified firm.[5]
In situations where an agency wishes to enter into a design-build contract, the general provisions of section 287.055, Florida Statutes, are not applicable; however, there are specific procedures which must be followed under state law and the agency "must award design-build contracts in accordance with the procurement laws, rules, and ordinances applicable to the agency."[6] Initially, a "design criteria package" must be prepared and sealed by a design criteria professional.[7] An agency other than a state agency must adopt rules or ordinances for the award of design-build contracts and must award such contracts
"by the use of a competitive proposal selection process as described in this subsection, or by the use of a qualifications-based selection process pursuant to subsections (3), (4), and (5) for entering into a contract whereby the selected firm will, subsequent to competitive negotiations, establish a guaranteed maximum price and guaranteed completion date. If the procuring agency elects the option of qualifications-based selection, during the selection of the design-build firm the procuring agency shall employ or retain a licensed design professional appropriate to the project to serve as the agency's representative. Procedures for the use of a competitive proposal selection process must include as a minimum the following:
 1. The preparation of a design criteria package for the design and construction of the public construction project.
 2. The qualification and selection of no fewer than three design-build firms as the most qualified, based on the qualifications, availability, and past work of the firms, including the partners or members thereof.
 3. The criteria, procedures, and standards for the evaluation of design-build contract proposals or bids, based on price, technical, and design aspects of the public construction project, weighted for the project.
 4. The solicitation of competitive proposals, pursuant to a design criteria package, from those qualified design-build firms and the evaluation of the responses or bids submitted by those firms based on the evaluation criteria and procedures established prior to the solicitation of competitive proposals.
 5. For consultation with the employed or retained design criteria professional concerning the evaluation of the responses or bids submitted by the design-build firms, the supervision or approval by the agency of the detailed working drawings of the project; and for evaluation of the compliance of the project construction with the design criteria package by the design criteria professional.
 6. In the case of public emergencies, for the agency head to declare an emergency and authorize negotiations with the best qualified design-build firm available at that time."[8]
Clearly, the Legislature has provided a structure for the procurement of professional services covered by section 287.055, Florida Statutes. You have not directed my attention to any part of the act that contemplates the use of a single source vendor to supply equipment and the attendant professional services to construct a facility in which to house the equipment, without compliance with the act's terms for those services covered by it. Where the Legislature has directed how something is to be done, it acts as a prohibition against its being done in any other manner.[9]
Accordingly, it is my opinion that the North Broward Hospital District may not contract with an equipment vendor under a sole source contract pursuant to its procurement procedure, such that the vendor contracts with a licensed general contractor to provide design/build construction services to erect a storage facility for the equipment, without complying with section 287.055, Florida Statutes, for those services covered by the act.
Sincerely,
Bill McCollum
Attorney General
BM/tals
[1] Section 287.055(2)(b), Fla. Stat., defines "[a]gency" for purposes of the act as "the state, a state agency, a municipality, a political subdivision, a school district, or a school board."
[2] See Ops. Att'y Gen. Fla. 74-89 (1974) (West Orange Memorial Hospital Tax District subject to CCNA) and 93-83 (1993) (Halifax Hospital Medical Center subject to Consultants' Competitive Negotiation Act).
[3] Section 287.055(3), Fla. Stat.
[4] Section 287.055(4)(a), Fla. Stat.
[5] Section 287.055(4)(b) and (5), Fla. Stat.
[6] See s. 287.055(9), Fla. Stat. Section 287.055(2)(i), Fla. Stat., defines a "design-build" contract as "a single contract with a design-build firm for the design and construction of a public construction project."
[7] Section 287.055(2)(j), Fla. Stat., defines a "design criteria package" as
 "concise, performance-oriented drawings or specifications of the public construction project. The purpose of the design criteria package is to furnish sufficient information to permit design-build firms to prepare a bid or a response to an agency's request for proposal, or to permit an agency to enter into a negotiated design-build contract. The design criteria package must specify performance-based criteria for the public construction project, including the legal description of the site, survey information concerning the site, interior space requirements, material quality standards, schematic layouts, and conceptual design criteria of the project, cost or budget estimates, design and construction schedules, site development requirements, provisions for utilities, stormwater retention and disposal, and parking requirements applicable to the project."
A "design criteria professional" means:
 "a firm who holds a current certificate of registration under chapter 481 to practice architecture or landscape architecture or a firm who holds a current certificate as a registered engineer under chapter 471 to practice engineering and who is employed by or under contract to the agency for the providing of professional architect services, landscape architect services, or engineering services in connection with the preparation of the design criteria package."
See s. 287.055(2)(k), Fla. Stat.
[8] Section 287.055(9)(c), Fla. Stat.
[9] See Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952);and Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976).